K1aWmarP

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                            19 Cr. 240 (VSB)

 5   BRANDON MARTIN and
     TAMEKA LINDO,
 6
                   Defendants.
 7                                            Plea
     ------------------------------x
 8
                                              New York, N.Y.
 9                                            January 10, 2020
                                              12:15 p.m.
10

11   Before:

12
                      HON. VERNON S. BRODERICK,
13
                                              District Judge
14
                              APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   BY:  KEVIN MEADE
          KYLE A. WIRSHBA
18        Assistant United States Attorneys

19   MOSES & SINGER LLP
          Attorneys for Defendants
20   BY:  BARRY S. ZONE

21

22

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

K1aWmarP

1          (Case called)

2          MR. MEADE:  Kevin Meade and Kyle Wirshba for the

3     government, your Honor.

4          THE COURT:  OK.

5          MR. ZONE:  For Brandon Martin and Tameka Lindo, Barry

6     Zone.  Good afternoon, your Honor.

7          THE COURT:  Good afternoon.

8          You may be seated.

9          We're here today for a change-of-plea hearing.  What

10    I'm going to attempt to do, to try and save time, since the

11    defendants are both pleading to the same count, is to go

12    through and do the questioning at the same time.

13         MR. ZONE:  I've prepared them as such, your Honor.

14         THE COURT:  OK.

15         I've been informed, Ms. Lindo, Mr. Martin, that you

16    wish to plead guilty to Count One of information 19 Cr. 240,

17    which charges you with conspiring to commit money laundering,

18    in violation of 18 U.S.C. Section 1956(h).  Is that correct?

19         Ms. Lindo.

20         DEFENDANT LINDO:  Yes.

21         THE COURT:  Mr. Martin.

22         DEFENDANT MARTIN:  Yes, your Honor.

23         THE COURT:  Now, before I accept your plea, I'm going

24    to ask you certain questions so that I can establish to my

25    satisfaction that you wish to plead guilty because you are, in

K1aWmarP

1    fact, guilty and not for some other reason, and also to

2    establish that you know what you will be giving up by pleading

3    guilty.  So if either you don't understand something I've said

4    or you don't understand one of my questions, or you wish to

5    consult with Mr. Zone, let me know and I'll stop the

6    proceedings and try and answer your questions or allow you the

7    time to speak to Mr. Zone.  OK?

8              THE DEFENDANT:  Yes, your Honor.

9              DEFENDANT MARTIN:  Yes.

10             THE COURT:  Ms. Williams, if I could ask you to swear

11   in Ms. Lindo and Mr. Martin.

12             (Defendants sworn)

13             THE COURT:  You are now under oath, which means that

14   if you answer any of my questions falsely, you may be

15   prosecuted for the separate crime of perjury.

16             Do you understand that?

17             DEFENDANT LINDO:  Yes, your Honor.

18             DEFENDANT MARTIN:  Yes, your Honor.

19             THE COURT:  First, Ms. Lindo, what is your full name?

20             DEFENDANT MARTIN:

21             DEFENDANT LINDO:  Tameka Danielle Lindo.

22             THE COURT:  Mr. Martin.

23             DEFENDANT MARTIN:  Brandon Troy Martin.

24             THE COURT:  How old are you?

25             DEFENDANT LINDO:  39.

K1aWmarP

1        DEFENDANT MARTIN:  43.

2        THE COURT:  How far did you go in school?

3        DEFENDANT LINDO:  Associate's degree.

4        DEFENDANT MARTIN:  GED.

5        THE COURT:  Have you ever been treated or hospitalized

6    for any mental illness?

7        DEFENDANT LINDO:  Not hospitalized, no.

8        THE COURT:  OK.  So you were treated by a

9    psychiatrist?

10        DEFENDANT LINDO:  I saw one for a few, I guess,

11    appointments.

12        THE COURT:  OK.  About how long ago was that?

13        DEFENDANT LINDO:  Early 20s.

14        THE COURT:  In connection with that, are you currently

15    taking any medication?

16        DEFENDANT LINDO:  No, I'm not.

17        THE COURT:  Mr. Martin, are you now or have you

18    recently been under the care of a doctor or a psychiatrist?

19        DEFENDANT MARTIN:  No, your Honor.

20        THE COURT:  Ms. Lindo, have you ever been treated or

21    hospitalized for any type of addiction, including drug or

22    alcohol addiction?

23        DEFENDANT LINDO:  No.

24        THE COURT:  Mr. Martin.

25        DEFENDANT MARTIN:  No, your Honor.

K1aWmarP

1          THE COURT:  Ms. Lindo, have you taken any drug,

2     medicine or pills or drunk any alcoholic beverages in the past

3     24 hours?

4          DEFENDANT LINDO:  No, I have not.

5          THE COURT:  Mr. Martin.

6          DEFENDANT MARTIN:  No, I have not.

7          THE COURT:  Ms. Lindo, is your mind clear today?

8          DEFENDANT LINDO:  Yes.

9          THE COURT:  Mr. Martin, is your mind clear today?

10          DEFENDANT MARTIN:  Yes.

11          THE COURT:  Ms. Lindo, do you understand what's

12     happening today?

13          DEFENDANT LINDO:  Yes, I do.

14          THE COURT:  Mr. Martin, do you?

15          DEFENDANT MARTIN:  Yes.

16          THE COURT:  Mr. Zone, have you discussed this matter

17     with your clients?

18          MR. ZONE:  I have.

19          THE COURT:  And do they understand the rights that

20     they will be waiving by pleading guilty?

21          MR. ZONE:  Completely.

22          THE COURT:  Are they capable of understanding the

23     nature of these proceedings?

24          MR. ZONE:  They are.

25          THE COURT:  Do any of the counsel have any doubt as to

K1aWmarP

1    both defendants' competence to plead guilty at this time?

2                    MR. MEADE:  No, your Honor.

3                    MR. ZONE:  No, your Honor.

4                    THE COURT:  On the basis of Ms. Lindo and Mr. Martin's

5    responses to my questions, my observations of them here in

6    court -- in other words, their demeanors -- and the

7    representations of counsel, I find they are fully competent to

8    enter an informed plea of guilty at this time.

9                    Ms. Lindo and Mr. Martin, have you each received a

10   copy of the information containing the charge against you?

11                   DEFENDANT LINDO:  Yes, I have.

12                   DEFENDANT MARTIN:  Yes.

13                   THE COURT:  And did you read it?

14                   DEFENDANT LINDO:  Yes.

15                   DEFENDANT MARTIN:  Yes, I have.

16                   THE COURT:  Do you waive its public reading, or do you

17   wish me to read it to you?

18                   DEFENDANT LINDO:  I waive it.

19                   DEFENDANT MARTIN:  I'll waive it.

20                   THE COURT:  Ms. Lindo, have you had enough of a chance

21   to discuss with Mr. Zone the charge to which you intend to

22   plead guilty and any possible defenses to that charge?

23                   DEFENDANT LINDO:  Yes, I have.

24                   THE COURT:  And Mr. Martin.

25                   DEFENDANT MARTIN:  Yes.

K1aWmarP

| | |
|---|---|
| 1 | THE COURT:  And has Mr. Zone explained to you the |
| 2 | consequences of entering a plea of guilty? |
| 3 | DEFENDANT LINDO:  Yes. |
| 4 | THE COURT:  Mr. Martin. |
| 5 | DEFENDANT MARTIN:  Yes, he has. |
| 6 | THE COURT:  Are you satisfied with Mr. Zone's |
| 7 | representation? |
| 8 | DEFENDANT LINDO:  Yes, I am. |
| 9 | DEFENDANT MARTIN:  Yes, your Honor. |
| 10 | THE COURT:  Now, I'm going to explain to you certain |
| 11 | constitutional rights that you have.  These are rights you're |
| 12 | going to be giving up by pleading guilty.  As I mentioned |
| 13 | earlier, listen carefully, and if you have any questions about |
| 14 | what I'm saying or you want to speak to Mr. Zone, I will give |
| 15 | you the opportunity to do that. |
| 16 | Under the Constitution and laws of the United States, |
| 17 | you have the right to plead not guilty to the charge contained |
| 18 | in the information. |
| 19 | Do you understand that? |
| 20 | DEFENDANT LINDO:  Yes. |
| 21 | DEFENDANT MARTIN:  Yes. |
| 22 | THE COURT:  Now, if you were to plead not guilty, you |
| 23 | would be entitled to a speedy and public trial, by a jury, on |
| 24 | the charge contained in the information. |
| 25 | Do you understand that? |

K1aWmarP

1          DEFENDANT LINDO:  Yes.

2          DEFENDANT MARTIN:  Yes.

3          THE COURT:  At a trial, you would be presumed to be

4     innocent, and the government would be required to prove you

5     guilty, by competent evidence, beyond a reasonable doubt,

6     before you could be found guilty.

7          Do you understand that?

8          DEFENDANT LINDO:  Yes.

9          DEFENDANT MARTIN:  Yes, your Honor.

10          THE COURT:  At a trial, a jury of 12 people would have

11     to agree unanimously that you were, in fact, guilty, and you

12     would not have to prove that you were innocent if you were to

13     go to trial.

14          Do you understand that?

15          DEFENDANT LINDO:  Yes.

16          DEFENDANT MARTIN:  Yes.

17          THE COURT:  At a trial, and at every stage of your

18     case, you're entitled to have an attorney, and if you could not

19     afford an attorney, one would be appointed to represent you,

20     free of charge to you.

21          Do you understand that?

22          DEFENDANT LINDO:  Yes.

23          DEFENDANT MARTIN:  Yes.

24          THE COURT:  Now, during a trial, witnesses for the

25     government would have to come here to court and testify in your

K1aWmarP

presence.  Mr. Zone could cross-examine the witnesses for the

government.  He could also object to the evidence offered by

the government, and he could also offer evidence on your own

behalf if you each desired such.  You would also have the right

to have subpoenas issued or other process to compel witnesses

to testify in your defense.

Do you understand that?

DEFENDANT LINDO:  Yes, I do.

DEFENDANT MARTIN:  Yes.

THE COURT:  At a trial, although you'd have the right

to testify if you chose to do so, you'd also have the right not

to testify.  And if you decided not to testify, no one,

including the jury, could draw any inference of guilt from the

fact that you did not testify.

Do you understand that?

DEFENDANT LINDO:  Yes.

DEFENDANT MARTIN:  Yes.

THE COURT:  Now, have you had a full opportunity to

discuss with Mr. Zone whether there's a basis to seek

suppression of some or all of the evidence against you on the

grounds that your constitutional rights were violated?

DEFENDANT LINDO:  Yes.

DEFENDANT MARTIN:  Yes.

THE COURT:  And do you understand that, by pleading

guilty, you're giving up your right to seek suppression of any

K1aWmarP

1    of the evidence against you?

2              DEFENDANT LINDO:  Yes.

3              DEFENDANT MARTIN:  Yes.

4              THE COURT:  All right.  Now, if you're convicted at

5    trial, you would have the right to appeal that verdict.

6              Do you understand that?

7              DEFENDANT LINDO:  Yes.

8              DEFENDANT MARTIN:  Yes, I do.

9              THE COURT:  So even now, as you're each entering your

10   guilty pleas, you have the right to change your mind, and to go

11   to trial on the charge contained in the information.

12             Do you understand that?

13             DEFENDANT LINDO:  Yes.

14             DEFENDANT MARTIN:  Yes.

15             THE COURT:  Now, if you plead guilty and I accept your

16   plea, you're going to be giving up your right to trial and the

17   other rights I just discussed, other than your right to a

18   lawyer, which you have regardless of whether or not you plead

19   guilty.  But there will be no trial, and I will enter a

20   judgment of guilty and sentence on the basis of your plea after

21   I've considered a presentence report and whatever submissions I

22   get from the government and Mr. Zone.  There will be no appeal

23   with respect to whether the government could use the evidence

24   it has against you or with respect to whether you did or did

25   not commit the crime.

K1aWmarP

1              Do you understand that?

2              DEFENDANT LINDO:  Yes.

3              DEFENDANT MARTIN:  Yes.

4              THE COURT:  Now, if you plead guilty, you're also both

5      going to have to give up your right not to incriminate yourself

6      because, in a moment, I'm going to ask you to tell me what it

7      is you did that makes you believe you're guilty of the charge

8      contained in the information.

9              Do you understand that?

10             DEFENDANT LINDO:  Yes.

11             DEFENDANT MARTIN:  Yes.

12             THE COURT:  Now, Ms. Lindo, do you understand each and

13     every one of the rights I've just discussed with you?

14             DEFENDANT LINDO:  Yes, I do.

15             THE COURT:  And Mr. Martin, do you?

16             DEFENDANT MARTIN:  Yes, I do.

17             THE COURT:  Ms. Lindo, are you willing to give up your

18     right to trial and the other rights I just discussed with you?

19             DEFENDANT LINDO:  Yes.

20             THE COURT:  Mr. Martin, are you willing to give up

21     your right to trial and the other rights I just discussed?

22             DEFENDANT MARTIN:  Yes.

23             THE COURT:  Do you each understand that you're being

24     charged with conspiracy to commit money laundering?

25             Ms. Lindo.

K1aWmarP

1          DEFENDANT LINDO:  Yes.

2          DEFENDANT MARTIN:  Yes.

3          THE COURT:  AUSA Meade, if you could please recite the

4    elements of the offense in question.

5          MR. MEADE:  Yes, your Honor.

6          The defendants were charged with conspiracy to commit

7    money laundering, which has four elements:

8          First, that two or more persons entered into an

9    agreement to commit a money-laundering offense;

10          Second, that the defendant knowingly and willfully

11    became a member of this agreement;

12          Third, that one of the members of the conspiracy

13    committed an overt act; and

14          Fourth, that the overt act was committed to further

15    some object of the conspiracy.

16          The object of the charged conspiracy was to commit

17    money laundering, which has five elements:

18          First, that the defendant conducted or attempted to

19    conduct;

20          Second, a financial transaction;

21          Third, knowing that the property involved in such a

22    financial transaction represents the proceeds of some form of

23    unlawful activity;

24          Fourth, which, in fact, involves the proceeds of

25    specified unlawful activity; and

K1aWmarP

1          Fifth, while acting with the intent to promote the

2    carrying on of the specified unlawful activity.

3          The government would also have to prove venue by a

4    preponderance of the evidence.

5          THE COURT:  Thank you.

6          Ms. Lindo, Mr. Martin, do you understand that if you

7    were to go to trial, the government would have to prove each of

8    the elements that the prosecutor just mentioned beyond a

9    reasonable doubt, except on the issue of venue?

10          Do you understand that?

11          DEFENDANT LINDO:  Yes.

12          DEFENDANT MARTIN:  Yes.

13          THE COURT:  Now I'm going to tell you what the maximum

14    penalty is that you face for this crime that you intend to

15    plead guilty to.

16          The maximum means the most that could possibly be

17    imposed.  That doesn't necessarily mean that that's what you

18    will receive, but you must understand that, by pleading guilty,

19    you're subjecting yourself to the possibility of any punishment

20    up to the maximum I'm about to describe.

21          Do you understand that?

22          DEFENDANT LINDO:  Yes.

23          DEFENDANT MARTIN:  Yes.

24          THE COURT:  First, with regard to restrictions on your

25    liberty, the maximum term of imprisonment for this crime is 20

K1aWmarP

1    years' imprisonment, which must be followed -- I'm sorry; let

2    me just verify something -- which may be followed by up to

3    three years of supervised release.

4            Now, supervised release means that you'll be subject

5    to the supervision of the probation department, and there will

6    be rules of supervised release that you'll have to follow.  If

7    you violate those rules, you could be returned to prison,

8    without a jury trial, to serve additional time with no credit

9    for time you served in prison as a result of your sentence and

10   no credit for the time you spent on postrelease supervision.

11           Do you understand that?

12           Ms. Lindo.

13           DEFENDANT LINDO:  Yes.

14           THE COURT:  Mr. Martin.

15           DEFENDANT MARTIN:  Yes.

16           THE COURT:  You should also understand there is no

17   parole in the federal system so that if you are sentenced to a

18   term of imprisonment, you won't be released early on parole.

19   There is a limited opportunity to earn credit for good

20   behavior, but you have to serve at least 85 percent of the time

21   to which you are sentenced, assuming you're sentenced to more

22   than a year.

23           Do you understand that?

24           DEFENDANT LINDO:  Yes.

25           DEFENDANT MARTIN:  Yes.

K1aWmarP

1          THE COURT:  In addition to restrictions on your

2     liberty, there are certain maximum financial penalties you

3     face.

4          The maximum allowable fine is $500,000, or twice the

5     gross gain derived from the offense or twice the gross loss to

6     persons other than yourself, whichever is greater.

7          In addition, I can order restitution to any person or

8     entity injured as a result -- I think it should be I must order

9     restitution to any person injured as a result of your criminal

10    conduct.

11         In addition, I can also order that you forfeit

12    property derived from the offense or used to facilitate the

13    offense.

14         In connection with that, in both of your plea

15    agreements, it indicates that you are admitting to the

16    forfeiture allegation as it relates to Count One of the

17    information.  Is that correct?

18         Ms. Lindo.

19         DEFENDANT LINDO:  Yes.

20         DEFENDANT MARTIN:  Yes.

21         THE COURT:  Similarly, in addition, you've also agreed

22    to forfeit certain specific property, which is listed on pages

23    1 and 2 of each of your plea agreements.  Is that correct?

24         DEFENDANT LINDO:  Yes.

25         DEFENDANT MARTIN:  Yes.

K1aWmarP

1          THE COURT:  Similarly, I have in front of me, for each

2     of you, a consent preliminary order of forfeiture as to

3     specific property.  These documents list those specific

4     properties on pages 1 and 2.

5          Did you, Ms. Lindo, sign this earlier today in the

6     presence of your attorney?

7          DEFENDANT LINDO:  Yes, I did.

8          THE COURT:  And Mr. Martin, did you sign this earlier

9     today in the presence of Mr. Zone?

10          DEFENDANT MARTIN:  Yes.

11          THE COURT:  Had you read it before you signed it?

12          DEFENDANT LINDO:  Yes.

13          DEFENDANT MARTIN:  Yes.

14          THE COURT:  And did you understand it before you

15     signed it?

16          DEFENDANT LINDO:  Yes.

17          DEFENDANT MARTIN:  Yes.

18          THE COURT:  OK.  I'm going to, at the conclusion of

19     your pleas, assuming that I accept your pleas, sign these

20     documents, and they'll be placed on the docket.

21          Finally, I must order a special assessment of $100

22     against each of you.

23          Do you understand that these are the maximum

24     penalties?

25          DEFENDANT LINDO:  Yes.

K1aWmarP

1          DEFENDANT MARTIN:  Yes.

2          THE COURT:  OK.

3          Now, Ms. Lindo, are you a United States citizen?

4          DEFENDANT LINDO:  Yes.

5          THE COURT:  Mr. Martin.

6          DEFENDANT MARTIN:  Yes.

7          THE COURT:  You should each understand that, as a

8  result of your guilty plea, you may lose certain valuable civil

9  rights that you have, to the extent you have them or could

10  otherwise obtain them.  Those rights include the right to vote,

11  the right to hold public office, the right to serve on a jury

12  and the right to possess any kind of firearm.

13          Do you understand that?

14          DEFENDANT LINDO:  Yes.

15          DEFENDANT MARTIN:  Yes.

16          THE COURT:  Ms. Lindo, are you currently serving any

17  other sentence, state or federal, or being prosecuted in the

18  state for any crime?

19          DEFENDANT LINDO:  No, I'm not.

20          THE COURT:  Mr. Martin, are you currently serving any

21  state or federal sentence or being prosecuted by the state for

22  any crime?

23          DEFENDANT MARTIN:  No, your Honor.

24          THE COURT:  Ms. Lindo, are you on parole?

25          DEFENDANT LINDO:  No.

K1aWmarP

1        THE COURT:  Mr. Martin.

2        DEFENDANT MARTIN:  No.

3        THE COURT:  Do you understand if anyone -- your

4   attorney or the government's attorney, anyone -- has attempted

5   to predict for you what your sentence will be their prediction

6   could be wrong?

7        Ms. Lindo.

8        DEFENDANT LINDO:  Yes.

9        THE COURT:  Mr. Martin.

10        DEFENDANT MARTIN:  Yes.

11        THE COURT:  No one can predict what your sentence is

12   going to be because I'm going to sentence you, and as I said,

13   I'm not going to sentence you today.  I'm going to wait until I

14   get a presentence report from the probation office.  I'm going

15   to review it, and I'm going determine what the guideline that

16   applies as to each of your cases is.  I'm going to consider

17   that guideline range for each of you and whether there are any

18   departures that would be warranted from that guideline range

19   and then, ultimately, determine individually for each of you

20   what an appropriate sentence is for you, considering the

21   factors contained in 18 U.S.C. Section 3553(a).

22        Do you understand that?

23        DEFENDANT LINDO:  Yes, your Honor.

24        DEFENDANT MARTIN:  Yes.

25        THE COURT:  Have you discussed these sentencing issues

K1aWmarP

1    with Mr. Zone?

2             Ms. Lindo.

3             DEFENDANT LINDO:  Yes.

4             THE COURT:  Mr. Martin.

5             DEFENDANT MARTIN:  Yes.

6             THE COURT:  What that means is even if the sentence is

7    different from what you expect, what your attorney expects or

8    from what's contained in your plea agreement, even if it's

9    different from that, you will still be bound to your guilty

10   plea, and I'm not going to allow you to withdraw your guilty

11   plea.

12            Do you understand that?

13            DEFENDANT LINDO:  Yes, your Honor.

14            DEFENDANT MARTIN:  Yes, your Honor.

15            THE COURT:  I understand there are written plea

16   agreements in this matter.  Both are dated March 7.

17            Ms. Williams, do you have the original of the

18   agreements?

19            THE DEPUTY CLERK:  Yes.

20            THE COURT:  If I could ask you to show Ms. Lindo and

21   Mr. Martin their plea agreements.

22            Ms. Lindo, is that a copy of your plea agreement?

23            DEFENDANT LINDO:  Yes, it is.

24            THE COURT:  And is that your signature at the end of

25   that?

K1aWmarP

1             DEFENDANT LINDO:  Yes.

2             THE COURT:  Did you sign that earlier today in the

3    presence of your attorney?

4             DEFENDANT LINDO:  Yes, I did.

5             THE COURT:  Mr. Martin, is that your plea agreement?

6             DEFENDANT MARTIN:  Yes.

7             THE COURT:  And did you sign that earlier today in the

8    presence of Mr. Zone?

9             DEFENDANT MARTIN:  Yes.

10            THE COURT:  All right.  Had each of you read your plea

11   agreement before you signed it?

12            DEFENDANT LINDO:  Yes, I did.

13            DEFENDANT MARTIN:  Yes, I did.

14            THE COURT:  Did you have an opportunity to go over

15   those plea agreements with Mr. Zone prior to your signing them?

16            DEFENDANT LINDO:  Yes.

17            DEFENDANT MARTIN:  Yes.

18            THE COURT:  Ms. Williams, if I could ask you to return

19   the originals to the government.

20            Did you each fully understand each of your agreements

21   before you signed it?

22            DEFENDANT LINDO:  Yes, I did.

23            DEFENDANT MARTIN:  Yes.

24            THE COURT:  Now, one of the features of each of the

25   agreements is that you've agreed to what the guideline range is

K1aWmarP

1    in each of your cases.  Is that correct?

2              DEFENDANT LINDO:  Yes.

3              DEFENDANT MARTIN:  Yes.

4              THE COURT:  The agreement itself is binding on you.

5    It's binding on your attorney.  It's binding on the

6    government's attorney.  But it's not binding on me.  As I

7    mentioned earlier, I have my own obligation to determine what

8    guideline range applies to each of your cases.  I'm not saying

9    I'm going to come up with a different guideline range, but if I

10   do, and even if that range is higher, I'm not going to allow

11   you to withdraw your guilty pleas.

12             Do you understand that?

13             DEFENDANT LINDO:  Yes.

14             DEFENDANT MARTIN:  Yes.

15             THE COURT:  Now, first, Mr. Martin, in your plea

16   agreement, you've waived your right to appeal or otherwise

17   challenge any sentence within or below eight months to fourteen

18   months; in other words, if I sentence you to any term of

19   imprisonment that's fourteen months or less, you would have no

20   right to appeal or otherwise challenge the sentence.

21             Do you understand that?

22             DEFENDANT LINDO:  Yes.

23             THE COURT:  Ms. Lindo, you, in your plea agreement,

24   have waived your right to appeal or otherwise challenge any

25   sentence within or below zero to six months.  What that means

K1aWmarP

1    is if I sentence you to six months or less, you would have no

2    right to appeal or otherwise challenge that sentence.

3              Do you understand that?

4              DEFENDANT LINDO:  Yes.

5              THE COURT:  All right.  Does this written plea

6    agreement constitute your complete and total understanding of

7    your entire agreement with the government?

8              Ms. Lindo.

9              DEFENDANT LINDO:  Yes.

10             THE COURT:  All right.  Mr. Martin.

11             DEFENDANT MARTIN:  Yes.  Yes.

12             THE COURT:  Has anything been left out?

13             Ms. Lindo.

14             DEFENDANT LINDO:  No.

15             THE COURT:  Mr. Martin.

16             DEFENDANT MARTIN:  No.

17             THE COURT:  Other than what's written in the plea

18   agreement, has anyone made any promise to you or offered you

19   any inducement to plead guilty or sign the agreement?

20             DEFENDANT LINDO:  No.

21             DEFENDANT MARTIN:  No.

22             THE COURT:  Has anyone threatened you or forced you to

23   plead guilty or sign the plea agreement?

24             DEFENDANT LINDO:  No.

25             DEFENDANT MARTIN:  No.

K1aWmarP

```
1         THE COURT:  Has anyone made any promise to you as to
2   what your sentence will be?
3         DEFENDANT LINDO:  No.
4         DEFENDANT MARTIN:  No.
5         THE COURT:  Now, first, Ms. Lindo, I'd like you to
6   tell me -- we've reached the point in the proceeding when I'm
7   asking you to tell me what it is that you did that makes you
8   believe that you're guilty of the charge contained in the
9   information.
10         MR. ZONE:  Your Honor, would it be OK if Mr. Martin
11   read his?  They kind of play off each other, and they're both
12   prepared?
13         THE COURT:  That's fine.
14         Mr. Martin, you should go ahead.
15         DEFENDANT MARTIN:  Between 2014 and 2018, I operated
16   an escort brokering business, online escort brokering business.
17   The way I conducted the business was that escorts would
18   advertise themselves on our website, and we would receive a
19   portion of the fees they received from the services they
20   performed.  I hired an internet web service that was based in
21   Manhattan, New York.
22         THE COURT:  OK.  And from that you said you generated
23   a certain amount of money.  Did you retain that money?
24         DEFENDANT MARTIN:  Yes.
25         THE COURT:  In connection with that, when you were
```

K1aWmarP

1    doing that, did you know that was illegal?

2                DEFENDANT MARTIN:  Yes.

3                THE COURT:  OK.

4                Let me hear from Ms. Lindo.

5                DEFENDANT LINDO:  Between 2014 and 2018, I worked with

6    my husband, Brandon, and assisted in operations of an escort

7    brokering business, as he just described.  I assisted with

8    coordination of the women who utilized the website and the

9    customers -- I'm sorry -- and the customers, who would contact

10   us either online or by phone.

11               THE COURT:  OK.

12               DEFENDANT LINDO:  And I hired an internet web server

13   from Manhattan, New York.

14               THE COURT:  And in connection with that, you had

15   communications with that internet web service, is that

16   accurate?

17               DEFENDANT LINDO:  Yes.

18               THE COURT:  OK.

19               DEFENDANT LINDO:  Online.

20               THE COURT:  Online.

21               DEFENDANT LINDO:  Yeah.

22               THE COURT:  Let me ask, with regard to that, just to

23   be clear, Mr. Martin, Ms. Lindo, you agreed with one another to

24   basically undertake this endeavor, is that correct?

25               DEFENDANT LINDO:  Yes.

K1aWmarP

1          DEFENDANT MARTIN:  Yes.

2          THE COURT:  Ms. Lindo, when you were doing this, did

3    you know it was illegal?

4          THE DEFENDANT:  Yes.

5          THE COURT:  OK.

6          Mr. Zone, do you know of a valid defense that would

7    prevail at trial, or do you know of any reason why your clients

8    should not be permitted to plead guilty?

9          MR. ZONE:  I don't, your Honor.

10          THE COURT:  All right.

11          Mr. Meade, are there any additional questions I should

12    ask of either of the defendants?

13          MR. MEADE:  Yes, your Honor, just to ask both

14    defendants, please, whether they knew the money they were

15    obtaining was from illegal prostitution.

16          THE COURT:  OK.

17          When you were receiving the funds that were coming in,

18    they came from the women who were involved in prostitution, is

19    that correct?

20          Mr. Martin.

21          DEFENDANT MARTIN:  Correct, yes.

22          DEFENDANT LINDO:  Yes.

23          THE COURT:  And you knew that prostitution was

24    illegal?

25          DEFENDANT MARTIN:  Yes.

K1aWmarP

1          DEFENDANT LINDO:  Yes.

2          THE COURT:  So that those funds were from illegal

3     activity, is that correct?

4          DEFENDANT MARTIN:  Yes.

5          DEFENDANT LINDO:  Yes.

6          THE COURT:  I would ask, Mr. Meade, if you could

7     summarize what the government's evidence would have been had

8     the defendants gone to trial.

9          MR. MEADE:  Yes, your Honor.

10         At trial, the government's evidence would have

11    included bank and credit card records; emails evidencing the

12    scheme; website screen chats; IP records; corporate records and

13    the witness testimony of coconspirators.

14         THE COURT:  Ms. Lindo, Mr. Martin, do you understand

15    that by pleading guilty, you're giving up your right to

16    challenge the evidence that the prosecutor just mentioned?

17         Ms. Lindo.

18         DEFENDANT LINDO:  Yes.

19         THE COURT:  Mr. Martin.

20         DEFENDANT MARTIN:  Yes.

21         THE COURT:  Do all counsel agree that there is a

22    sufficient factual predicate for a guilty plea?

23         MR. MEADE:  Yes, your Honor.

24         MR. ZONE:  Yes, your Honor.

25         THE COURT:  Do any counsel know of any reason I should

K1aWmarP

1    not accept Ms. Lindo's and Mr. Martin's plea of guilty?

2             MR. MEADE:  No, your Honor.

3             MR. ZONE:  Not on behalf of Mr. Martin and Ms. Lindo.

4             THE COURT:  OK.

5             Ms. Lindo, Mr. Martin, because you each have

6    acknowledged that you are, in fact, guilty of the charge

7    contained in the information; because I'm satisfied that each

8    of knows the rights that you have, including the right to go to

9    trial, and that each of you is aware of the consequences of

10   your plea, including the sentence each of you might receive and

11   that might be imposed; and because I find that you're each,

12   individually, knowingly and voluntarily pleading guilty, I'm

13   going to accept each of your pleas and enter a judgment of

14   guilty for each of you on Count One of the information.

15            Now, as I mentioned, the probation department is going

16   to prepare a presentence report for each of you, independently,

17   and in connection with that, they're going to want to interview

18   you.  I ask that each of you, when you meet with them, to the

19   extent you're going to respond to their questions --

20            Well, first, Mr. Zone, are you going to be there in

21   connection with that?

22            MR. ZONE:  I will.

23            THE COURT:  All right.

24            The interview won't occur unless Mr. Zone is with you.

25            Now, in responding to questions, should you choose to

K1aWmarP

1    respond to questions by the probation department, the thing I

2    ask that you do is you be entirely truthful, because I'm going

3    to rely on that report as one factor in determining what an

4    appropriate sentence is for each of you, so it's important that

5    everything in the report be accurate.

6            In addition, prior to my getting the report, you'll

7    have an opportunity to review the report with Mr. Zone.  If

8    there are any errors in there or there are things that you

9    believe should be added to the report, I ask that you tell

10   Mr. Zone so that he can, first, raise the issue with the

11   probation officer and determine whether or not those issues can

12   be addressed, and then, if they're not adequately addressed, so

13   that Mr. Zone can raise those issues with me.  OK?

14           DEFENDANT LINDO:  Yes, your Honor.

15           DEFENDANT MARTIN:  Yes.

16           THE COURT:  Ms. Williams, sentencing date.

17           THE DEPUTY CLERK:  Should we have the defendants

18   together?

19           THE COURT:  I don't have an objection to sentencing

20   Ms. Lindo -- well, let me ask.

21           Let's go off the record.

22           (Discussion off the record)

23           THE COURT:  Ms. Williams, if we could have a

24   sentencing date.

25           THE DEPUTY CLERK:  May 22 at 2:30.

K1aWmarP

1        THE COURT:  May 22 at 2:30.

2        I'd ask that the government provide the probation

3   office with the factual statement within two weeks.

4        Similarly, Mr. Zone, if you could just call the

5   probation department and set a time to have the interviews at

6   some point within the next two weeks, that would be great.

7        MR. ZONE:  I was wondering if they could make

8   arrangements to do the interview with Ms. Lindo over the phone

9   because she's not going to be able to fly after.

10        THE COURT:  What I would say is the following -- the

11   answer I have is I don't know -- speak with the probation

12   officer and see what they're willing to do.  I'm unaware of any

13   statutory prohibition to that, but I'm unaware, as a matter of

14   process, whether the probation office would have an issue with

15   that.  They may, so they may need to do it via Skype or some

16   other thing so they can verify who is actually speaking.

17        MR. ZONE:  Sure.  Whatever they require, we'll abide

18   by.

19        THE COURT:  OK.  If there are any difficulties, just

20   let me know.  I'm not sure I'll be able to resolve them, but

21   let me know.

22        MR. ZONE:  Thank you, your Honor.

23        THE COURT:  OK.

24        In connection with sentencing, I do expect to get the

25   defense submission two weeks prior to sentencing and the

K1aWmarP

1    government submission one week prior to sentencing.

2              Is there anything else that we need to deal with

3    today?

4              From the government.

5              MR. MEADE:  No, your Honor.

6              THE COURT:  From the defense.

7              MR. ZONE:  No, your Honor.

8              THE COURT:  OK.  Thank you very much for coming in.

9    I'll see everybody on May 22.  Thank you.

10             MR. ZONE:  Thank you, your Honor.

11             THE COURT:  We'll stand adjourned.

12             Just so the record is clear, I'm signing each of the

13   consent preliminary orders of forfeiture as to specific

14   property now, and those will be entered on the docket.

15             Thank you.

16             (Adjourned)

17

18

19

20

21

22

23

24

25